FANG L. CHEN (SBN 315706)
THE LAW OFFICES OF FANG CHEN
20657 Golden Springs Drive #209
Diamond Bar, CA 91789
Telephone: (626) 512-8990
Email: fang@fangchenlaw.com
Attorney for Defendants CHEN PROPERTY RH LLC; ORANGE CHEN'S PROPERTY LLC; FAE CHEN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ALISON HELEN FAIRCHILD, Plaintiff,<br>vs.<br>COUNTY OF LOS ANGELES, et al., Defendants. | ) | Case No.: 2:25-cv-06204-RAO<br>NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Assigned to Hon. Rozella A. Oliver, United States Magistrate Judge, Courtroom 590<br><br>Date: December 30, 2026<br>Time: 10:00 a.m.<br><br>Action Filed: July 9, 2025 |

**TABLE OF CONTENTS**

I. INTRODUCTION........................................................................................7

II. BACKGROUND....8
A. The Unlawful Detainer Case, the Writ, and the Lockout....8
B. The Earlier Complaints and the August 31, 2026 Order....9
C. The Second Amended Complaint....10
III. LEGAL STANDARD....11
IV. ARGUMENT....12
A. The Second Cause of Action Alleges Only the Writ's Execution....12
1. The Court held writ execution is not joint action; the SAC agrees....12
2. Paragraph 46 adds labels, not facts....13
3. The coordination allegation describes the writ working as written....13
4. A deputy's statement about an arrest never made is not joint action....15
5. Moving and storing belongings after the lockout is private conduct....16
6. Howerton does not reach a single execution of a court-issued writ....16
7. Lugar does not reach a post-judgment writ; misuse is not enough....17
8. No act of Orange Chen's Property LLC or Fae Chen is pleaded....18
B. Leave to Amend the Second Cause of Action Should Be Denied....19
C. The State Claims Should Be Dismissed Without Prejudice....20
1. If the First Cause of Action falls, decline supplemental jurisdiction....20
2. Either way, no state claim pleads facts against a Chen Defendant....20
V. CONCLUSION....22

## TABLE OF AUTHORITIES


Ashcroft v. Iqbal, 556 U.S. 662 .......... 11

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 .......... 11

Collins v. Womancare, 878 F.2d 1145 .......... 12

Foman v. Davis, 371 U.S. 178 .......... 19

Howerton v. Gabica, 708 F.2d 380 .......... 10

Hughes v. Pair, 46 Cal. 4th 1035 .......... 21

Lee v. Hanley, 61 Cal. 4th 1225 .......... 21

Lugar v. Edmondson Oil Co., 457 U.S. 922 .......... 16

28 U.S.C. § 1367 .......... 20, 22

42 U.S.C. section 1983 .......... 4

Federal Rule of Civil Procedure 12(b)(6) .......... 4

Local Rule 7-3 .......... 5

L.R. 11-6.1 .......... 22

TO PLAINTIFF ALISON HELEN FAIRCHILD AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on Wednesday, December 30, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Rozella A. Oliver, United States Magistrate Judge, in Courtroom 590, 5th Floor, of the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, or by telephone or video as the Court directs, Defendants Chen Property RH LLC, Orange Chen's Property LLC, and Fae Chen (the "Chen Defendants") will and hereby do move the Court under Federal Rule of Civil Procedure 12(b)(6) for an order (1) dismissing the Second Cause of Action of the Verified Second Amended Complaint (Dkt. No. 115) (the "SAC") as against the Chen Defendants without leave to amend, and (2) dismissing the Third, Fourth, and Fifth Causes of Action of the SAC as against the Chen Defendants without prejudice.

The motion is made on the following grounds.

1. The Second Cause of Action, under 42 U.S.C. section 1983, is the only federal claim pleaded against the Chen Defendants. It fails to state a claim because the SAC pleads no facts showing that any Chen Defendant acted under color of state law. The only cooperative act it alleges between a Chen Defendant and a state actor is still the Sheriff's execution of a court-issued writ of possession. This Court held that this "single incident of alleged cooperation is not sufficient to constitute state action." Dkt. No. 107 at 12. The SAC's new words, such as that the private Defendants "invoked the threat of arrest communicated through law-enforcement personnel", are labels, not facts. SAC ¶ 46.

2. Leave to amend the Second Cause of Action should be denied. In its August 31, 2026 Order the Court identified the defect and cautioned that "the Court is unlikely to grant

any further opportunities to amend." Dkt. No. 107 at 14. The SAC, Plaintiff's third complaint, does not cure the defect.

3. The Third Cause of Action (conversion), the Fourth Cause of Action (trespass to chattels), and the Fifth Cause of Action (intentional infliction of emotional distress) are state-law claims. If the Court also dismisses the First Cause of Action, which is pleaded against the County of Los Angeles alone, no claim within the Court's original jurisdiction will remain, and the Court should again decline supplemental jurisdiction under 28 U.S.C. section 1367(c)(3). In any event, each fails to state a claim against the Chen Defendants under Rule 12(b)(6), because each pleads the conduct of the private Defendants as a group and recites labels in place of facts.

Conference of counsel (L.R. 7-3). In its August 31, 2026 Order the Court excused the parties "from the Local Rule 7-3 meet and confer requirement as to any motion to dismiss filed by Defendants in response to the amended complaint." Dkt. No. 107 at 14. This is that motion. Counsel for the Chen Defendants nonetheless wrote to Plaintiff's counsel. The letter is dated November 13, 2026, and was sent by e-mail on November 17, 2026. It stated that the Chen Defendants would move to dismiss the SAC; gave the grounds for dismissing the Second Cause of Action, for denying further leave, and for declining supplemental jurisdiction over the state claims; asked whether the Chen Defendants would be dismissed by Plaintiff; and offered to confer by telephone or video on November 16, 17, or 18, 2026. Declaration of Fang L. Chen re Local Rule 7-3 ("Chen Decl.") ¶¶ 3-5 and Ex. A. As of the date of this notice, Plaintiff's counsel has not responded to the letter, has not proposed a time to confer, and has not agreed to dismiss any Chen Defendant. Chen Decl. ¶ 6.

The motion is based on this notice, the memorandum of points and authorities below, the Chen Declaration and its exhibit, the declaration of counsel regarding the use of generative artificial intelligence filed with this motion, the pleadings and records on file in this action, including the writ of possession of which the Court has taken judicial notice (Dkt. No. 107 at 5 n.1), and any argument the Court permits.

Dated: November 25, 2026

THE LAW OFFICES OF FANG CHEN

By: /s/ Fang L. Chen

______________________________

Fang L. Chen

Attorney for Defendants Chen Property RH LLC, Orange Chen's Property LLC, and Fae Chen

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court dismissed the First Amended Complaint's section 1983 claim against the Chen Defendants because "the only cooperative or joint action alleged between the Chen Defendants and a state actor is that the sheriff executed the writ of possession as a result of the unlawful detainer action." Dkt. No. 107 at 12. It held that this "single incident of alleged cooperation is not sufficient to constitute state action." Id.

The SAC accepts the rule: "Private parties ordinarily do not act under color of state law merely by using state judicial procedures." SAC ¶ 61. It then pleads the same incident, the Sheriff's execution of the writ on June 12, 2025. SAC ¶ 42. What it calls joint action is unnamed representatives' coordination with the levy personnel "about taking possession", the deputies' statement that the owner and counsel would execute a private person's arrest form if Plaintiff refused to leave, and the storage of her belongings after the lockout. SAC ¶¶ 43-44, 48-50, 62. The First Amended Complaint pleaded each of those events, with more detail. Dkt. No. 86 ¶¶ 40, 42-44, 56. The SAC adds labels, that the private Defendants "participated in the execution itself" and "invoked the threat of arrest", but no fact about what any Chen Defendant said or did. SAC ¶ 46.

The SAC also pleads nothing specific to Orange Chen's Property LLC or Fae Chen. Each is only "alleged to have participated" with the others. SAC ¶¶ 16-17.

The Second Cause of Action should be dismissed without leave to amend. If the Court also dismisses the First Cause of Action against the County, it should again decline supplemental jurisdiction over the state claims. In any event, those claims plead no facts against any Chen Defendant.

## II. BACKGROUND

### A. The Unlawful Detainer Case, the Writ, and the Lockout

On or about December 8, 2024, Chen Property RH LLC filed an unlawful detainer action in the Los Angeles Superior Court for the residence at 2308 Felicia Avenue, Rowland Heights. SAC ¶¶ 13, 20. Plaintiff was named as a defendant and was dismissed without prejudice on December 27, 2024. SAC ¶¶ 20-21. The state court entered judgment for possession on May 15, 2025, and a writ of possession issued on May 29, 2025. SAC ¶ 23.

The SAC acknowledges that the writ "selected the provision stating that a prejudgment claim of right to possession had been served in compliance with California Code of Civil Procedure § 415.46 and that the judgment included all tenants, subtenants, named claimants, and other occupants of the premises." SAC ¶ 25. The Court has taken judicial notice of the writ. Dkt. No. 107 at 5 n.1. As the Court described it, the writ's notice provides that the levying officer "will remove the occupants and place the judgment creditor in possession of the property", and that "personal property would be sold or otherwise disposed of unless the owner of the property pays for storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises." Id. at 7.

The Sheriff's Department posted a five-day notice to vacate on June 5, 2025, and executed the writ on June 12, 2025. SAC ¶¶ 32, 42. Plaintiff alleges that "During the lockout, LASD personnel informed Plaintiff that if she refused to leave, the property owner and counsel for the private side would execute a private person's arrest form for trespass and Plaintiff could be handcuffed and arrested." SAC ¶ 44. She alleges that "this threat placed the coercive authority of law enforcement behind the private

Defendants' demand that she surrender possession immediately." Id. She left the residence "under the combined pressure of the writ, the deputies' presence, and the stated threat of arrest." SAC ¶ 45. The SAC does not allege that anyone executed an arrest form or that Plaintiff was arrested. Between about June 12 and June 17, 2025, the Chen Defendants "caused or participated in moving" Plaintiff's and her fiancé's belongings into a one-car garage at the premises. SAC ¶ 48. On or about July 6, 2025, "counsel acting for the Chen side communicated that personal property would be sold if not retrieved." SAC ¶ 50.

B. The Earlier Complaints and the August 31, 2026 Order

On March 5, 2026, the Court granted the Chen Defendants' motions to dismiss the original complaint as unopposed, and it granted leave to amend because Plaintiff "has not had a prior opportunity to amend". Dkt. No. 74 at 2-3.

Plaintiff filed the First Amended Complaint on May 13, 2026. Dkt. No. 86. It alleged, on information and belief, that County defendants and unnamed peace officers "held a secret meeting" with the Chen Defendants and their counsel at about 8:30 a.m. on June 12, 2025, "to finalize the illegal lockout." Dkt. No. 86 ¶ 40. It alleged that deputies told Plaintiff that, if she refused to leave, a named property owner and a named attorney would execute a private person's arrest form. Id. ¶ 42. It alleged that her belongings were moved into an unsecured one-car garage between June 12 and June 17, 2025, that County defendants and their peace officers assisted in removing them, and that the Chen Defendants' attorney sent an e-mail on or about July 6, 2025 threatening to sell them. Id. ¶¶ 43-44, 56.

On August 31, 2026, the Court granted the Chen Defendants' motions to dismiss the First Amended Complaint. Dkt. No. 107 at 1, 14. This Court held that "Plaintiff's

allegations fail to show joint action." Dkt. No. 107 at 12. It held that "Use of state unlawful detainer and eviction procedures is not sufficient to constitute state action." Id. It stated the rule of Howerton v. Gabica, 708 F.2d 380 (9th Cir. 1983), that repossession by private individuals takes on the character of state action as police involvement becomes increasingly important, and it distinguished Howerton because "Plaintiff does not complain of repeated requests of aid by the police." Dkt. No. 107 at 12. The Court found that "the only cooperative or joint action alleged between the Chen Defendants and a state actor is that the sheriff executed the writ of possession as a result of the unlawful detainer action", and that this "single incident of alleged cooperation is not sufficient to constitute state action." Id. It noted that there was a "valid court-ordered writ of possession". Id. It declined supplemental jurisdiction over the state claims "at this time." Id. at 14. It granted leave because "it is possible for Plaintiff to allege additional facts to cure at least some of the deficiencies set forth above and the Court has not previously issued an order addressing the legal viability of these claims," and it cautioned that "the Court is unlikely to grant any further opportunities to amend." Id.

C. The Second Amended Complaint

Plaintiff did not file an amended complaint by the deadline the August 31 Order set. Dkt. No. 114 at 1. On October 28, 2026, the Court granted her ex parte application and ordered her to file the amended complaint "within three days of the date of entry of this Order." Dkt. No. 114 at 2. In that order the Court observed that "There is also a history of violation of Court orders and the Local Rules." Id. Plaintiff filed the SAC on November 6, 2026. Dkt. No. 115.

The SAC drops the individual County defendants and the section 1985(3) claim. SAC ¶¶ 6-7. The First Cause of Action, for procedural due process and municipal liability

under section 1983, is pleaded against the County of Los Angeles alone. SAC ¶¶ 51-59. It alleges that the deprivation "is the County's execution of possession against Plaintiff after she had been named and dismissed, after she objected before execution, and without routing her objection to a court for a hearing." SAC ¶ 53. The other four claims are pleaded against the Chen Defendants and Does 1-10: section 1983 joint action under the Fourteenth and Fourth Amendments (Second), conversion (Third), trespass to chattels (Fourth), and intentional infliction of emotional distress (Fifth). SAC ¶¶ 60-80. The SAC says little about any Chen Defendant by name. It alleges that Chen Property RH LLC "prosecuted the underlying unlawful-detainer action and sought possession of the subject property." SAC ¶ 15. Orange Chen's Property LLC is "alleged to have participated with the other Chen Defendants in the possession and post-lockout control of the premises and Plaintiff's personal property." SAC ¶ 16. Fae Chen is "alleged to have participated with the Chen entities in the events described below." SAC ¶ 17. The joint-action and state-law allegations are made against "the Chen Defendants," "the private Defendants," "representatives of the Chen Defendants," or "counsel acting for the Chen side". SAC ¶¶ 43, 46, 48, 50, 62-63, 69, 73, 77-78.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". Twombly, 550 U.S. at 555. "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The Court does not accept as true "unreasonable inferences or legal conclusions cast in the form of factual allegations." Dkt. No. 107 at 4 (citation omitted). A private party acts under color of state law for section 1983 purposes only if it "is a willful participant in joint action with the State or its agents." Dkt. No. 107 at 11 (citation and internal quotation marks omitted). "Conclusory allegations of joint action are insufficient to support a claim that a private party acted under color of law." Id. "Joint action therefore requires a substantial degree of cooperative action." Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989). And because "vicarious liability is inapplicable to Bivens and § 1983 suits", a plaintiff must plead what each defendant did through its own actions. Iqbal, 556 U.S. at 676.

## IV. ARGUMENT

### A. The Second Cause of Action Alleges Only the Writ's Execution

#### 1. The Court held writ execution is not joint action; the SAC agrees

The Court applied the joint-action test to the First Amended Complaint's account of these events, and it held that the Sheriff's execution of the writ was a "single incident of alleged cooperation" that "is not sufficient to constitute state action." Dkt. No. 107 at 12. The SAC does not dispute the rule. It pleads that Plaintiff "does not base this Cause of Action solely on the Chen Defendants' prosecution of the unlawful-detainer action or their request that LASD execute a writ." SAC ¶ 61. It places the deprivation in "the County's execution of possession against Plaintiff". SAC ¶ 53. The only question is whether the SAC pleads facts showing a second, cooperative act between a Chen Defendant and a state actor. It does not.

2. Paragraph 46 adds labels, not facts

The SAC's summary of its theory is paragraph 46. It alleges that the private Defendants "participated in the execution itself, coordinated with law-enforcement personnel about removal, invoked the threat of arrest communicated through law-enforcement personnel, and then exercised control over Plaintiff's personal property after the lockout." SAC ¶ 46. Each phrase rests on a paragraph addressed below: the coordination on paragraph 43, the arrest statement on paragraph 44, and the post-lockout control on paragraphs 48-50. "Participated in the execution itself" rests on nothing. The execution was the Sheriff's: "LASD personnel arrived at the residence to execute the writ." SAC ¶ 42. The SAC does not say which Chen Defendant participated, what it did, or when. Paragraph 46 is a conclusory allegation of joint action, which "is insufficient". Dkt. No. 107 at 11; Iqbal, 556 U.S. at 678.

3. The coordination allegation describes the writ working as written

Paragraph 43 alleges that "On information and belief, immediately before execution of the lockout, representatives of the Chen Defendants communicated and coordinated with the LASD levy personnel about taking possession of the premises." SAC ¶ 43. Plaintiff says her belief rests on "the coordinated presence and conduct of the private and public participants and on contemporaneous statements made during the lockout." Id. Plaintiff was present at the lockout. SAC ¶ 42. Yet the SAC names no representative, no deputy, and no statement.

What the paragraph describes is what the writ requires. The writ's notice told Plaintiff that the levying officer "will remove the occupants and place the judgment creditor in possession of the property." Dkt. No. 107 at 7. A judgment creditor and the levying officer communicating "about taking possession of the premises" when the writ is

executed is that process. It is not a second state act. It is the "single incident of alleged cooperation" the Court has held insufficient. Id. at 12.

Paragraph 63 does not change the analysis. It alleges that "the private Defendants deliberately used the coercive presence and authority of law enforcement to accomplish a dispossession that Plaintiff was actively contesting", with "a shared objective to obtain immediate possession without first obtaining a judicial determination of Plaintiff's named-but-dismissed status." SAC ¶ 63. Possession is what the state court's judgment awarded and what the writ directed the Sheriff to deliver, and the writ covered "all tenants, subtenants, named claimants, and other occupants of the premises." SAC ¶ 25. The "judicial determination" Plaintiff says she was denied is a complaint about the County's procedures, and she pleads it against the County: that the County's civil-process system "had no constitutionally adequate mechanism" for a named and dismissed occupant, and that County personnel "refused to accept or route the dismissal document for review." SAC ¶¶ 27, 31, 53-54. A shared aim to see a court's judgment enforced through the court's writ is a label, not a fact of joint action. Dkt. No. 107 at 11; Twombly, 550 U.S. at 555.

Nor is the coordination allegation new. The First Amended Complaint alleged that County defendants and unnamed peace officers "held a secret meeting" with the Chen Defendants and their counsel at about 8:30 a.m. on the day of the lockout. Dkt. No. 86 ¶ 40. The Court's order on that pleading found that "the only cooperative or joint action alleged" was the execution of the writ. Dkt. No. 107 at 12. The SAC drops the meeting, the time, and the named participants. It adds a one-sentence basis for Plaintiff's belief that names no person and quotes no statement. SAC ¶ 43. Repleading an allegation with fewer particulars does not make it plausible.

4. A deputy's statement about an arrest never made is not joint action

Paragraph 44 alleges what "LASD personnel informed Plaintiff" the owner and counsel would do if she refused to leave. SAC ¶ 44. Paragraph 62 repeats that the statement "was communicated to Plaintiff through law-enforcement personnel during the removal". SAC ¶ 62. The only word that ties the statement to a Chen Defendant is "invoked" in paragraph 46. The SAC does not allege that any Chen Defendant spoke to Plaintiff during the lockout, asked the deputies to say anything, or prepared or signed an arrest form, and it does not allege an arrest. SAC ¶¶ 44-46, 62.

The Ninth Circuit has held that much more is not joint action. In Collins, private employees placed protesters under citizen's arrest, and police officers then detained the protesters and issued citations. 878 F.2d at 1146. The court held that "the facts alleged by the Collins group fail as a matter of law to satisfy the joint activity test for state action under section 1983." Id. at 1155. It explained that "merely complaining to the police does not convert a private party into a state actor." Id. And it held that "The police officer's issuance of citations based on the citizen's arrests does not constitute joint action." Id. at 1156. If a completed citizen's arrest followed by police citations is not joint action, a deputy's statement that a private person might make one is not.

The First Amended Complaint pleaded the same statement, and the Court summarized it: "Defendants Kehoe and Luna informed Plaintiff that if she refused to leave, the property owner and his attorney would execute a private person's arrest form." Dkt. No. 107 at 3. The SAC removes the deputies' names and adds a characterization, that the statement "placed the coercive authority of law enforcement behind the private Defendants' demand". SAC ¶ 44. A characterization is not a fact. Dkt. No. 107 at 4, 11.

5. Moving and storing belongings after the lockout is private conduct

The SAC does not allege that any state actor took part in moving, storing or controlling Plaintiff's belongings after the lockout, or in the July 6, 2025 communication. SAC ¶¶ 48-50, 62, 69, 73. The First Amended Complaint alleged that County defendants and their peace officers assisted in removing the belongings. Dkt. No. 86 ¶ 56. The SAC drops that allegation. Conduct in which no state actor participates is not joint action with the State.

6. Howerton does not reach a single execution of a court-issued writ

The SAC relies on Howerton. SAC ¶¶ 47, 64. Howerton holds that "At some point, as police involvement becomes increasingly important, repossession by private individuals assumes the character of state action." 708 F.2d at 383. The facts there show what "increasingly important" means. The tenants alleged that the landlords had not complied with the state statute that "requires a court order before a landlord can lawfully force a tenant to vacate." Id. at 381. Police were on the scene at each step of the eviction, and an officer privately approached the tenants and recommended that they leave. Id. at 384. The tenants claimed that the landlords chose "a middle road, using the police to facilitate an illegal repossession", and the court said, "If true, we think this constituted state action." Id. It distinguished Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), because the tenants alleged that the landlords "invoked the authority of specific state officials, the Kooskia police, to put the weight of the state behind their private decision to evict." Howerton, 708 F.2d at 384 n.9. And it stated that "A single request for the police to perform their peace-keeping functions may not be sufficient" to make a landlord a joint actor with the state. Id. at 385. It found joint action because the landlords "repeatedly requested aid by the police to effect the eviction, and the police

intervened at every step." Id. The Ninth Circuit has since read Howerton the same way: "Our holding in Howerton was therefore premised on the fact" of those repeated requests. Collins, 878 F.2d at 1154.

This case differs on each of those points. The decision to remove the occupants was not a private decision. It was the state court's judgment, carried out through a writ this Court has called a "valid court-ordered writ of possession". Dkt. No. 107 at 12; SAC ¶¶ 23, 25. The Sheriff executed it as the writ directed. SAC ¶ 42. There was one execution, not police help at every step of a self-help eviction. This Court has already applied Howerton to these facts: "Plaintiff does not complain of repeated requests of aid by the police." Dkt. No. 107 at 12. The SAC alleges no request for police help beyond the writ itself, which it concedes is not enough. SAC ¶ 61. On Howerton's own scale, the police involvement alleged here is the single incident the Court has held insufficient.

7. Lugar does not reach a post-judgment writ; misuse is not enough

Lugar concerned a state prejudgment attachment statute. On the creditor's ex parte petition, a court clerk issued a writ of attachment, and the sheriff executed it, before judgment. 457 U.S. at 924-25. The Supreme Court held that a private party's "joint participation with state officials in the seizure of disputed property is sufficient" to make that party a state actor in that setting. Id. at 941. It limited that holding: "The holding today, as the above analysis makes clear, is limited to the particular context of prejudgment attachment." Id. at 939 n.21. And it held that "private misuse of a state statute does not describe conduct that can be attributed to the State". Id. at 941. The plaintiff there stated no claim "insofar as he alleged only misuse or abuse of the statute." Id. at 942.

This case involves no prejudgment seizure and no ex parte petition. The state court adjudicated the unlawful detainer case, entered judgment for possession, and issued a writ, which the Sheriff executed. SAC ¶¶ 20, 23, 42. Against the Chen Defendants, the SAC's theory is that they used a writ that should not have reached Plaintiff because she had been dismissed. SAC ¶¶ 46, 63. That is a claim of misuse, which Lugar holds is not state action. Plaintiff's challenge to the procedure itself is pleaded where Lugar would put it, against the County, which she says executed possession against her. SAC ¶¶ 26-27, 53-54.

8. No act of Orange Chen's Property LLC or Fae Chen is pleaded

The SAC alleges that Orange Chen's Property LLC is "alleged to have participated with the other Chen Defendants in the possession and post-lockout control of the premises and Plaintiff's personal property." SAC ¶ 16. It alleges that Fae Chen is "alleged to have participated with the Chen entities in the events described below." SAC ¶ 17.

Everything else is pleaded against "the Chen Defendants" or "the private Defendants" as a group: that "the Chen Defendants caused or participated in moving" the belongings, and that "the private Defendants" coordinated, invoked, and exercised control. SAC ¶¶ 46, 48, 62. The SAC does not say what Orange Chen's Property LLC or Fae Chen did, where, or when. Because section 1983 imposes no vicarious liability, a plaintiff must plead each defendant's own acts. Iqbal, 556 U.S. at 676. A label that a defendant "participated" with others does not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

As to Chen Property RH LLC, the only act the SAC attributes to it by name is prosecuting the unlawful detainer case and seeking possession. SAC ¶¶ 15, 20. The SAC concedes that is not state action. SAC ¶ 61.

B. Leave to Amend the Second Cause of Action Should Be Denied

In August the Court told Plaintiff what the First Amended Complaint lacked: any cooperative act between a Chen Defendant and a state actor beyond the single execution of the writ, and the "repeated requests of aid by the police" present in Howerton. Dkt. No. 107 at 12. It granted leave because it had not yet ruled on "the legal viability of these claims," and it cautioned that "the Court is unlikely to grant any further opportunities to amend." Id. at 14.

The SAC, Plaintiff's third complaint, supplies neither. Plaintiff was at the residence during the lockout and objected to her removal. SAC ¶ 42. She is the person who would know who spoke to whom, what was said, and who asked the deputies for what. Her third complaint still names no Chen representative, quotes no statement by a Chen Defendant, and alleges no request for police help beyond the writ. SAC ¶¶ 43-46. It states fewer particulars than the First Amended Complaint did. Compare SAC ¶¶ 43-44, 48 with Dkt. No. 86 ¶¶ 40, 42-43, 56.

Leave may be denied for "repeated failure to cure deficiencies by amendments previously allowed" and for "futility of amendment". Foman v. Davis, 371 U.S. 178, 182 (1962). Both apply. The SAC is Plaintiff's third complaint, and it repeats the defect the Court identified. Amendment would also be futile, because the SAC's own account places the deprivation in the County's execution of the writ, SAC ¶ 53, and pleads against the Chen Defendants only their use of the state process, which the SAC concedes is not enough, SAC ¶ 61. The Court has also noted "a history of violation of Court orders and the Local Rules" in this case. Dkt. No. 114 at 2. The Second Cause of Action should be dismissed without leave to amend.

C. The State Claims Should Be Dismissed Without Prejudice

1. If the First Cause of Action falls, decline supplemental jurisdiction

Under 28 U.S.C. § 1367(c)(3), the Court may decline supplemental jurisdiction over a state claim once it has dismissed all claims over which it has original jurisdiction. The Court did so in August. Dkt. No. 107 at 14. Plaintiff rests jurisdiction over the Third, Fourth and Fifth Causes of Action on section 1367(a) alone. SAC ¶ 11.

The Chen Defendants recognize that this ground depends on the First Cause of Action, which is pleaded against the County alone and is not the subject of this motion. SAC ¶¶ 51-59. The County has moved to dismiss the SAC, and the Court has taken that motion under submission. Dkt. Nos. 119, 121. If the Court dismisses the First Cause of Action as well, no claim within its original jurisdiction will remain, and the state claims against the Chen Defendants should be dismissed without prejudice, as in August. If the First Cause of Action survives, the state claims should be dismissed on the merits for the reasons below.

2. Either way, no state claim pleads facts against a Chen Defendant

Each state claim is pleaded against "the private Defendants" as a group. The conversion claim alleges that "the private Defendants intentionally exercised dominion and control over Plaintiff's personal property by moving it into a garage, retaining control over access to it, and communicating an intent to dispose of property that was not retrieved." SAC ¶ 69. The trespass claim alleges that "The private Defendants intentionally interfered with Plaintiff's possession and use of her personal belongings by moving, storing, and controlling the belongings after the lockout." SAC ¶ 73. The emotional distress claim alleges that "the private Defendants participated in a coordinated removal" and then "exercised control over her personal property." SAC ¶ 78. None says

which Chen Defendant did what. The facts section is no more specific: the Chen Defendants "caused or participated in moving" the belongings. SAC ¶ 48. That does not allow a reasonable inference that any one Chen Defendant is liable. Iqbal, 556 U.S. at 678.

Conversion requires "the defendant's conversion by a wrongful act or disposition of property rights". Lee v. Hanley, 61 Cal. 4th 1225, 1240 (2015) (citation and internal quotation marks omitted). The SAC does not plead a wrongful act by any Chen Defendant. It alleges that the belongings "placed in an unsecured, non-climate-controlled garage" were worth about $30,000, but it does not say who placed them there, who chose the garage, or what any Chen Defendant did or failed to do to secure it. SAC ¶ 49. The First Amended Complaint described the same garage the same way. Dkt. No. 86 ¶ 43. The acts the SAC does plead, holding belongings left at the premises after the writ was executed and saying they would be sold if not retrieved, are what the writ's notice told Plaintiff would happen. Dkt. No. 107 at 7; SAC ¶¶ 48-50. By the SAC's own dates, the belongings were still being held for retrieval on July 6, 2025, more than 15 days after the June 12 lockout. SAC ¶¶ 42, 50. The SAC does not allege that any property was sold, or that Plaintiff asked for her property and was refused. The trespass claim rests on the same acts and fails for the same reasons. SAC ¶ 73.

The emotional distress claim requires conduct so "extreme as to exceed all bounds of that usually tolerated in a civilized community." Hughes v. Pair, 46 Cal. 4th 1035, 1050-51 (2009) (internal quotation marks omitted). The SAC alleges that the private Defendants knew Plaintiff had been dismissed from the unlawful detainer case, knew she was contesting the writ, and knew she used a wheelchair. SAC ¶ 77. But the acts it pleads are the Sheriff's execution of a state-court writ, a statement made by deputies,

and the storage of belongings afterward. SAC ¶ 78. Seeking possession through a court judgment and the Sheriff's execution of the court's writ, with knowledge that the occupant objects, is not conduct that exceeds all bounds of a civilized community. The SAC then recites the element, alleging that "the combination of those acts was extreme and outrageous and was undertaken intentionally or with reckless disregard of the probability of causing severe emotional distress." SAC ¶ 79. That is a threadbare recital of the elements, which does not suffice. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Whether the Court declines jurisdiction or reaches the merits, the state claims should be dismissed as against the Chen Defendants without prejudice.

## V. CONCLUSION

The Chen Defendants ask the Court to (1) dismiss the Second Cause of Action of the SAC as against Chen Property RH LLC, Orange Chen's Property LLC, and Fae Chen without leave to amend; and (2) dismiss the Third, Fourth, and Fifth Causes of Action of the SAC as against them without prejudice, under 28 U.S.C. § 1367(c)(3) if no claim within the Court's original jurisdiction remains, and otherwise under Rule 12(b)(6).

CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)

The undersigned, counsel of record for Defendants Chen Property RH LLC, Orange Chen's Property LLC, and Fae Chen, certifies that this brief contains 4,945 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 25, 2026

THE LAW OFFICES OF FANG CHEN

By: /s/ Fang L. Chen

______________________________

Fang L. Chen

Attorney for Defendants Chen Property RH LLC, Orange Chen's Property LLC, and Fae Chen